JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cheron L. Pakrouh

### DEFENDANTS
RecoverCare LLC, Mary Zappone, an individual, and Rodney Vinegar, an individual

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julie A. Uebler, Esquire - Uebler Law LLC
744 West Lancaster Avenue, Suite 220
Wayne, PA 19087   (610) 688-7900

Attorneys *(If Known)*
Wayne C. Stansfield, Esquire - Reed Smith LLP
2500 One Liberty Place; 1650 Market Street
Philadelphia, PA 19103 (215) 851-8218

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e et seq., 29 U.S.C. § 621 et seq.
Brief description of cause:
Gender and/or age discrimination; Claims for unpaid wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 5/13/2014
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **305 Melanie's Way, Wallingford, PA 19086**

Address of Defendant: **1920 Stanley Gault Parkway, Suite 100, Louisville, KY 40223**

Place of Accident, Incident or Transaction: **Wallingford, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☐

Does this case involve multidistrict litigation possibilities?    Yes☐    No☐
*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Julie A. Uebler**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **5/13/2014**    _(signature)_    **71297**
                        Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **5/13/2014**    _(signature)_    **71297**
                        Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 305 Melanie's Way, Wallingford, PA 19086

Address of Defendant: 1920 Stanley Gault Parkway, Suite 100, Louisville, KY 40223

Place of Accident, Incident or Transaction: Wallingford, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☐

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Julie A. Uebler, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/13/14       _____[signature]_____       71297
                    Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/13/14       _____[signature]_____       71297
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cheron L. Pakrouh, Plaintiff | : | CIVIL ACTION |
| v. | : | |
| RecoverCare LLC, Mary Zappone, an individual | : | |
| and Rodney Vinegar, an individual, Defendants | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 5/13/2014 | _[signature]_ | Cheron L. Pakrouh, Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-688-7900 | 610-337-9548 | juebler@ueblerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERON L. PAKROUH,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>RECOVERCARE LLC,<br>MARY ZAPPONE, an individual, and<br>RODNEY VINEGAR, an individual,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>No.: |

## COMPLAINT

Plaintiff, Cheron L. Pakrouh ("Plaintiff" or "Ms. Pakrouh"), by and through her counsel, Uebler Law LLC, files this Complaint and asserts the following claims against Defendants, RecoverCare LLC ("RecoverCare"), Mary Zappone, and Rodney Vinegar (collectively, "Defendants").

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. With respect to Plaintiff's allegations of gender discrimination under federal law, this action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. With respect to Plaintiff's allegations of age discrimination under federal law, this action is authorized and instituted pursuant to Section 7(c) of the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 626(c).

4. This Court has supplemental jurisdiction pursuant 28 U.S.C. § 1367 with respect to Plaintiff's claims for gender and age discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 955(a) and (d), with respect to Plaintiff's claims for unpaid wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 et seq., and with respect to Plaintiff's claim for promissory estoppel.

5. Plaintiff has exhausted all administrative remedies, having filed timely complaints of gender and age discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Pennsylvania Human Relations Commission ("PHRC").

6. This case is not subject to compulsory arbitration because Plaintiff seeks injunctive relief and the amount in controversy exceeds the jurisdictional amount for arbitration of One Hundred Fifty Thousand Dollars ($150,000), exclusive of interest and costs.

7. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the jurisdiction limit of this Court. Venue is properly invoked pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, Cheron L. Pakrouh, is female, and her date of birth is September 13, 1956.

9. Ms. Pakrouh resides in Wallingford, Pennsylvania.

10. Defendant, RecoverCare LLC, is a limited liability corporation with its corporate headquarters in Louisville, Kentucky.

11. RecoverCare provides medical equipment for use in hospitals, homes, acute care facilities, and long-term care facilities.

12. Defendant, Mary Zappone, is RecoverCare's President and Chief Executive Officer ("CEO").

13. Defendant, Rodney Vinegar, is RecoverCare's Vice President – Human Resources.

14. At all relevant times, RecoverCare has continuously done business in the Commonwealth of Pennsylvania, including within this judicial district.

15. At all relevant times, Ms. Pakrouh worked for RecoverCare as an Account Manager out of her home in Wallingford, Pennsylvania, until RecoverCare terminated her employment, effective June 29, 2012.

16. Ms. Zappone and Mr. Vinegar, who are officers and/or agents of RecoverCare, each had an active role in refusing to pay Ms. Pakrouh the sales commissions due to her during her employment, and at the time of her termination.

## STATEMENT OF CLAIMS

17. Ms. Pakrouh is a Registered Nurse by education. At the time of her hire in 1994, Ms. Pakrouh was one of RecoverCare's first employees.

18. Ms. Pakrouh's responsibilities as an Account Manager included sales and rentals (hereafter "sales") to companies in the home care, acute care, and long-term care markets. Ms. Pakrouh also had responsibility to provide support to hospice centers and Veterans' Administration facilities.

19. In 2010, Ms. Pakrouh's compensation included a base salary and a flat monthly sales commission of $10,932. Ms. Pakrouh received a flat monthly commission in part because of RecoverCare's difficulty with, and inconsistency in, accurately capturing her sales results in its sales commissions systems.

20. In her performance review dated March 2010, Ms. Pakrouh received excellent ratings, and was praised by her supervisor, Ken Keys (male, 40s), as being at the "top of her game," someone who "always asks for more territory and responsibility," and who is "a self-starter, and very motivated."

21. In early 2011, Ms. Pakrouh's monthly sales commission was adjusted to $10,355 per month.

22. At that time, Ms. Pakrouh reported to Damian Jones (male, age early 30s), the Director of Sales, Northeast Region.

23. In June 2011, RecoverCare held a sales conference in Pittsburgh, Pennsylvania, at which it communicated a new sales commission plan for the 2011 fiscal year.

24. During the sales conference, Ms. Pakrouh met with Mr. Jones and Eddie Price, RecoverCare's Director of Sales Planning and Analysis, about the Company's new commission plan. During that meeting, the RecoverCare managers acknowledged to Ms. Pakrouh that the new commission plan would not apply to her because the new model did not work for sales to the home care market. Mr. Price also specifically advised Ms. Pakrouh that he would be working on a different sales commission plan for her, as well as Stacy Fuller, another Account Manager who had responsibility for sales to the home care market. Mr. Price specifically advised Ms. Pakrouh: "Don't worry Cheron, we will make you whole."

25. During the next several months, Ms. Pakrouh repeatedly contacted Mr. Price for information about RecoverCare's plans for her sales commissions. Mr. Price regularly responded to Ms. Pakrouh that he was "working on it," and was discussing the issue with Larry Kramer, the Executive Vice President of Sales (male, mid-50s), and Rodney Vinegar, Vice President – Human Resources.

4

26. In September 2011, Jason Blackwell, RecoverCare's Manager, Financial Analysis, sent the August 2011 Revenue Report to all the Account Executives, including Ms. Pakrouh, via electronic mail.

27. During subsequent written communications with Ms. Pakrouh, Mr. Blackwell admitted that the Revenue Report did not accurately reflect Ms. Pakrouh's sales results, specifically as they related to her sales in the home care segment of the market, and indicated the Company was still working on it.

28. During the period June to September 2011, Ms. Pakrouh continued to receive her sales commissions at the flat monthly rate of $10,355.

29. Without any communication or explanation, Defendants stopped paying sales commissions to Ms. Pakrouh and Ms. Fuller as of October 2011.

30. In an effort to seek payment of her sales commissions, Ms. Pakrouh continued to communicate regularly with both Mr. Jones and Mr. Price. In November 2011, Mr. Price abruptly announced his resignation without communicating any new sales commission plan and/or reinstating the flat fee monthly commission payments.

31. After Mr. Price's resignation, Ms. Pakrouh again contacted Mr. Jones directly, and reminded him that Mr. Price had promised to create an alternate commissions program for her since the program adopted for the other sales professionals did not work for the home care market. Ms. Pakrouh also continued to communicate with Mr. Blackwell in an effort to ensure that her sales commissions would be paid. These RecoverCare representatives continued to assure Ms. Pakrouh that they were "working on it."

32. In reasonable reliance on RecoverCare's assurances, Ms. Pakrouh continued to perform her duties, including making significant sales for RecoverCare.

33. Periodically, Ms. Pakrouh received Sales Commissions Statements that were inaccurate, which she continued to point out to Mr. Blackwell and others.

34. In March 2012, Mr. Blackwell advised Ms. Pakrouh that he expected to complete the work on her sales commission plan by May 2012, and would make payment of any unpaid commissions through a "true-up," which would be included in that month's commission payment. Ms. Pakrouh reasonably relied on Mr. Blackwell's representations, and continued to use her best sales efforts to generate revenue for RecoverCare.

35. In March or April 2012, Mr. Jones told Ms. Pakrouh that he had recently spoken to his supervisor, Kathy Sawyers, about the unpaid status of commission payments to Ms. Pakrouh and Ms. Fuller. According to Mr. Jones, Ms. Sawyers wondered aloud: "What are they still doing here?" Ms. Sawyers then asked Mr. Jones whether he thought Ms. Pakrouh would be interested in working in the long term care market. Again, according to Mr. Jones, he told Ms. Sawyers that he did not believe Ms. Pakrouh would be interested in the long term care market. In fact, at that time, Ms. Pakrouh already had numerous clients in the long term care market.

36. In the same discussion, Ms. Pakrouh asked Mr. Jones whether RecoverCare was planning to exit the home care market. Mr. Jones said he did not know, adding: "They do not know what they are doing."

37. In late April, Ms. Pakrouh and Mr. Jones made a lengthy presentation to a client in the home care market.

38. After the client presentation, Ms. Pakrouh asked Mr. Jones whether he had any response from Ms. Sawyers about her unpaid commissions. Mr. Jones again said: "They are working on it."

39. At no point did Defendants, or any other representative from RecoverCare, communicate to Ms. Pakrouh that she would no longer receive sales commissions as part of her compensation.

40. On April 26, 2012, Ms. Sawyers advised Ms. Pakrouh via telephone that her employment was being terminated, effective June 29, 2012, because RecoverCare was exiting the home care market.

41. Although her primary responsibility for sales was to the home care market at the time of her termination, Ms. Pakrouh also supported other markets, and had significant experience in all sales areas. During her 18 years with RecoverCare, Ms. Pakrouh had demonstrated her ability to effectively sell in all areas of the Company's business.

42. At the time it announced its exit from the home care market, RecoverCare employed three (3) other sales employees who supported the home care market: Brad Wicklas (male, late 30s), Vice President, Government Sales; Stacy Fuller (female, mid-20s), Account Manager; and Vernon Johnson (male, 30s), Account Manager.

43. At the time of the announcement, Ms. Pakrouh had responsibility for sales to the home care market in Pennsylvania, Delaware, and New Jersey. Ms. Fuller covered home care clients in Maryland. Mr. Wicklas had national oversight for the home care and Veterans Administration facilities, and was based in California. Mr. Johnson was an Account Manager in Texas, who had been a technician, and was moved into a sales role approximately six months before the Company's exit from the home care market. Mr. Johnson was not a nurse, and had no sales experience at the time of his transfer.

44. In addition to Ms. Pakrouh, RecoverCare terminated Mr. Johnson's employment following its exit from the home care market, but retained Mr. Wicklas and Ms. Fuller.

45. During the call when she was notified of her job termination, Ms. Pakrouh told Ms. Sawyers that she had significant responsibilities outside of the home care market, including accounts in the acute care, long term care, hospice, and Veterans' markets. Ms. Sawyers seemed confused, and asked if "they" knew about this. Although she did not identify the decision makers by name, Ms. Sawyers said she would be speaking with "them" later that day, and would notify Ms. Pakrouh if anything changed.

46. Upon information and belief, Ms. Sawyers was not aware that Ms. Fuller also supported the home care market at the time she communicated the termination decision to Ms. Pakrouh.

47. Following RecoverCare's termination of Ms. Pakrouh's employment, the Company assigned her sales accounts to Steve Rakus (male, mid-50s). Mr. Rakus had been with the Company less than eight (8) years.

48. In June 2012, at the same time it terminated Ms. Pakrouh's employment, RecoverCare hired Tom Walters (male, mid-50s), a former contractor, as a new Account Manager, who was assigned to service the Maryland territory.

49. Upon information and belief, RecoverCare directed Ms. Fuller, the Account Manager already in Maryland, to reassign a significant portion of her active accounts to Mr. Walters.

50. Upon information and belief, RecoverCare also hired another male Account Manager (name unknown) after notifying Ms. Pakrouh of her termination from employment.

51. For these reasons, Ms. Sawyers' claim that RecoverCare terminated Ms. Pakrouh's employment because of its exit from the home care market are not true, and are just a pretext for gender and/or age discrimination.

52. During the telephone call with Ms. Sawyers in which she learned of her termination from employment, Ms. Pakrouh asked for confirmation that she would receive payment for her past due sales commissions.

53. The same day, Ms. Sawyers sent Ms. Pakrouh a Separation Agreement and Release "Release," in which Ms. Pakrouh was asked to release any claims against Defendants, including her claims for over $93,000 in unpaid commissions (the monthly commission of $10,355 for the period October 2011 through June 2012), in exchange for a severance payment of less than $35,000.

54. In late May 2012, Ms. Sawyers advised Ms. Pakrouh, along with all other sales employees, that the "true-up" payment for 2011 sales would be made by the end of the month, and payment for commissions earned during the first quarter of 2012 would be made by the end of June. No such payments were made to either Ms. Pakrouh or Ms. Fuller.

55. Ms. Pakrouh continued to communicate with Mr. Vinegar, Mr. Jones, and Mr. Blackwell about the status of her unpaid commissions in the period leading up to her termination.

56. Mr. Vinegar assured Ms. Pakrouh that she would be paid her unpaid commissions. However, Defendants did not make any payments to Ms. Pakrouh to compensate her for her previously unpaid commissions before or at the time her employment terminated on June 29, 2012.

57. Following her termination from employment, Ms. Pakrouh continued to communicate with Mr. Vinegar about the terms of the Company's proposed Release, and her desire to resolve the issue of unpaid commissions before considering the Company's severance pay offer.

58. In early July 2012, Mr. Vinegar advised Ms. Pakrouh that she would be eligible for commissions for a "q1 and a prorated q2 commissions payout." However, Defendants never made any payments for the commissions that were not paid during 2011 or 2012.

59. Upon information and belief, under threat of termination from employment from both Mary Zappone, RecoverCare's President and CEO, and Mr. Vinegar, Ms. Fuller waived her right to the payment of her sales commissions in exchange for a fraction of the unpaid amount in order to keep her job.

## COUNT I

### Gender Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, against RecoverCare

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61. RecoverCare violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, because it terminated Plaintiff's employment because of her gender (female).

## COUNT II

### Age Discrimination in violation of the Age Discrimination in Employment Act against RecoverCare

62. Plaintiff hereby incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. RecoverCare violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., because it terminated Plaintiff's employment because of her age (55).

## COUNT III

### Gender and Age Discrimination in violation of the
### Pennsylvania Human Relations Act against RecoverCare

64. Plaintiff hereby incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65. RecoverCare violated the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., because it terminated Plaintiff's employment because of her gender and/or age (55).

## COUNT IV

### Violations of the Pennsylvania Wage
### Payment and Collection Law Against All Defendants

66. Plaintiff hereby incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67. The parties had an agreement that Plaintiff's compensation included a flat monthly sales commission of $10,355 per month for her work as an Account Manager. Plaintiff's sales commissions are "wages" as defined by the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. 260 et seq.

68. Defendants were legally obligated to continue paying Plaintiff sales commissions at the rate of $10,355 per month unless and until they communicated a proposed replacement compensation arrangement for sales commissions to be implemented on a prospective basis.

69. Defendants never communicated terms of any new compensation arrangement for Plaintiff's sales commissions. In fact, Defendants repeatedly told Plaintiff that they were still working on a new commission plan for her.

11

70. Defendants breached the parties' agreement with respect to the payment of sales commissions when they stopped paying Plaintiff's commissions for the period October 2011 through June 2012.

71. Defendants have no good faith basis to contest or dispute Plaintiff's entitlement to her earned sales commissions for the nine month period prior to her termination from employment.

72. Defendants' failure to pay Plaintiff's monthly commission from October 2011 through her termination of employment in June 2012 violated the WPCL.

## COUNT V

### Promissory Estoppel Against RecoverCare

73. Plaintiff hereby incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff seeks recovery of her unpaid commissions under the theory of promissory estoppel if such commissions are not recovered under Count IV for violation of the WPCL.

75. When RecoverCare implemented a new sales commission plan for all sales employees in June 2011 other than Plaintiff and Stacy Fuller, several RecoverCare representatives promised Plaintiff that she would be compensated for her sales commissions under a separate, yet to be established plan.

76. Plaintiff continued working, making significant sales, and bringing in revenue for RecoverCare in reliance on the promises that she would be compensated for her commissions on sales.

77. Injustice can only be avoided if the Court orders RecoverCare to pay Plaintiff for her sales commissions for the period October 2011 through June 2012.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cheron L. Pakrouh, respectfully requests that this Court:

A. Enter a declaratory judgment that RecoverCare's acts, policies, practices and procedures complained of herein have violated Plaintiff's rights as secured to her by law;

B. Require RecoverCare to employ Plaintiff in a position equivalent to the one she held, and to award her full wages and benefits commensurate to that position;

C. Award Plaintiff compensation for all past and future pecuniary losses resulting from RecoverCare's unlawful employment practices, including but not limited to all compensation and benefits lost due to the actions of RecoverCare, all out-of-pocket losses, as well as an award for front pay, if re-employment is not possible;

D. Award Plaintiff compensation for past and future non-pecuniary losses resulting from RecoverCare's unlawful employment practices, including but not limited to, pain and suffering, emotional distress, humiliation, embarrassment, and a loss of life's pleasures, in amounts to be determined at trial;

E. Award to Plaintiff liquidated damages for RecoverCare's willful violation of the ADEA;

F. Award to Plaintiff punitive damages for RecoverCare's malicious and reckless conduct in violation of Title VII as described herein, in amounts to be determined at trial;

G. Award to Plaintiff compensation for unpaid wages in the form of earned sales commissions in an amount equal to at least $93,195.

H.  Award to Plaintiff liquidated damages under the WPCL in an amount equal to 25% of the unpaid wages (at least $23,298.75).

I.  Grant to Plaintiff all costs, disbursements and reasonable attorneys' fees relating to the enforcement of her rights;

J.  Grant to Plaintiff prejudgment interest; and

K.  Grant to Plaintiff such additional relief as the Court deems just and proper under the circumstances.

JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

UEBLER LAW LLC

*/s/ Julie A. Uebler*

Julie A. Uebler (I.D. No. 71297)
744 West Lancaster Avenue, Suite 220
Wayne, PA 19087
(610) 688-7900
juebler@ueblerlaw.com

Attorney for Plaintiff,
Cheron L. Pakrouh

## VERIFICATION

I, Cheron L. Pakrouh, verify under penalty of perjury that the factual information set forth in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations.

_____
Cheron L. Pakrouh

Dated: 5/13/14